J-A09044-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BILLY DEWAYNE PHILLIPS | : | |
| | : | |
| Appellant | : | No. 1068 WDA 2025 |

Appeal from the Judgment of Sentence Entered July 22, 2025
In the Court of Common Pleas of Mercer County Criminal Division at
No(s):  CP-43-CR-0001142-2024

BEFORE:  NICHOLS, J., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED:  July 22, 2026**

Billy Dewayne Phillips ("Phillips") appeals from the judgment of sentence following his convictions of aggravated assault and conspiracy to commit aggravated assault.[1]  Because Phillips waived his sufficiency of the evidence and weight of the evidence claims, and his authentication claim is partially waived and otherwise meritless, we affirm.

Phillips was charged with first-degree murder, conspiracy to commit first-degree murder, aggravated assault, and conspiracy to commit aggravated assault.  The jury acquitted him of first-degree murder and conspiracy to commit first-degree murder.

---

[1] *See* 18 Pa.C.S.A. §§ 2702(a)(1), 903(a)(1).

The factual and procedural history of this case is as follows.[2]  In August 2024, police officers responded to a shooting in Sharon, Pennsylvania.  Terran Page-Hughes ("the victim") was shot and killed.  *See* N.T., 4/22/25, at 21.  The officers retrieved a firearm within two feet of the victim's body.  *See id*. at 73.  The victim was in a relationship with Brandy Robinson ("Robinson"), who had previously been in a relationship with Phillips.  *See id*. at 128.  At the scene, some names of potential suspects were reported to officers; among them was Phillips.  *See id*. at 120.

Sergeant-Detective Ryan Chmura ("Sergeant Chmura") testified Phillips told police he was in the area at the time of the shooting and had met with the victim prior to the victim being shot.  *See id*. at 125.  Phillips said he approached the victim alone, thinking he wanted to fight, and saw the victim holding a gun to his side.  *See id*. at 125-26.  Phillips told police he heard shots fired and ran.  *See id*. at 127.  It was later revealed through video footage that Phillips was accompanied by his cousins during the encounter and fatal shooting.  *See id*. at 130-31.  Sergeant Chmura further testified Phillips said he and the victim had been communicating with each other over Facebook.  *See id*. at 128.  Phillips showed Sergeant Chmura some of the videos the victim had sent him on his cell phone.  *See id*. at 129.  Sergeant

---

[2] We note that the Commonwealth, while referencing evidence in its brief, failed to cite to the record in violation of Pa.R.A.P. 2119(c).  Further, the trial court did not include a statement of facts.

Chmura asked Phillips if he could see his messages with the victim, and Phillips consented. **See id**.

Following the investigation, Phillips was charged with the above-listed offenses.

At trial, Sergeant-Detective Justin Wiley ("Sergeant Wiley") testified he observed Facebook messages, in which Phillips and the victim were arguing over Robinson. **See** N.T., 4/24/25, at 158. Phillips objected to the admission of his Facebook messages, stating the chain of custody was at issue and the Commonwealth could not authenticate the "screenshots of screenshots" of the messages. **Id**. at 160. The Commonwealth replied that the screenshots were of messages taken from cell phone extraction of the victim's phone and explained witnesses would testify to that point and to extracting the data. **See id**. at 160-61. The trial court overruled the objection. **See id**. at 161.

A jury convicted Phillips of aggravated assault and conspiracy to commit aggravated assault but acquitted him on all other counts. The trial court sentenced Phillips to six to fifteen years of incarceration for aggravated assault and five to ten years of incarceration for conspiracy to commit aggravated assault, served concurrently. Phillips filed a post-sentence motion challenging the sufficiency of the evidence, which was denied. Phillips timely appealed.

Phillips raises the following issues for our review:

1. Did the Commonwealth present sufficient evidence to sustain [Phillips's] conviction of conspiracy to commit aggravated assault?

2. Did the Commonwealth present sufficient evidence to sustain [Phillips's] conviction of aggravated assault?

3. Is [Phillips's] conviction for conspiracy to commit aggravated assault against the weight of the evidence?

4. Is [Phillips's] conviction for aggravated assault against the weight of the evidence?

5. Did the trial court properly admit the Commonwealth's Facebook messenger evidence without ensuring that it was authenticated?

Phillips's Brief at 5 (unnecessary capitalization omitted) (claims reordered for ease of disposition).

In his first two claims, Phillips argues that the Commonwealth failed to present sufficient evidence to support his convictions of aggravated assault and conspiracy to commit aggravated assault.

To preserve a sufficiency claim, an appellant's Rule 1925(b) statement "must specify the element or elements upon which the evidence was insufficient." *Commonwealth v. Widger*, 237 A.3d 1151, 1156 (Pa. Super. 2020). If the appellant does not specify such elements, the sufficiency claim is deemed waived. *See Commonwealth v. Roche*, 153 A.3d 1063, 1072 (Pa. Super. 2017).

In his Rule 1925(b) statement, Phillips presented a boilerplate challenge to his aggravated assault and conspiracy to commit aggravated assault convictions and failed to specify which elements of the crime he was challenging or explain why the evidence was insufficient. *See* Phillips's Rule

1925(b) Statement (questioning whether the Commonwealth "present[ed] sufficient evidence to sustain [his] conviction" of both crimes, respectively).

The trial court interpreted these assertions to implicate the sufficiency of the evidence and analyzed whether each element of his convictions was clearly established; however, the trial court's analysis does not void waiver. *See* Trial Court Opinion, 10/2/25, unnumbered at 7-9; *Commonwealth v. Bonnett*, 239 A.3d 1096, 1106 (Pa. Super. 2020) (explaining "[e]ven if the trial court correctly guesses the issues [an a]ppellant[ ] raise[s] on appeal and writes an opinion pursuant to that supposition the issues are still waived."). Phillips's Rule 1925(b) statement was so vague that he waived his sufficiency claims, and we will not address them on the merits. *See Widger*, 237 A.3d at 1156; *Roche*, 153 A.3d at 1072.

In his third and fourth claims, Phillips argues that his convictions were against the weight of the evidence.

To preserve a claim challenging the weight of the evidence, an appellant must raise the issue before the trial court "orally, on the record, at any time before sentencing; . . . by written motion at any time before sentencing; or . . . in a post-sentence motion." Pa.R.Crim.P. 607(A). A challenge to the weight of the evidence included in a 1925(b) statement does not preserve that claim in the absence of a motion required by Rule 607. *See Commonwealth v. Sherwood*, 982 A.2d 483, 494 (Pa. 2009).

Our thorough review of the record demonstrated Phillips failed to challenge the weight of the evidence either before sentencing or in a post-

sentence motion. Phillips's post-sentence motion challenges the sufficiency of the evidence and seeks judgment of acquittal; it does not challenge the weight of the evidence and seek a new trial. Further, in his brief, Phillips does not mention or locate where in the record—which consists of over five hundred pages of testimony alone—his weight of the evidence claim was preserved. While the trial court did address his weight of the evidence claims on the merits, they are waived due to Phillips's failure to comply with Rule 607 and we will not address them on the merits. *See id*.

In his fifth and final claim, Phillips argues the trial court improperly admitted the Facebook messenger evidence that had not been authenticated. He claims that nothing identified him as the author of the Facebook messenger evidence. *See* Phillips's Brief at 47-48.

To preserve a claim of error, a party must timely object and state the specific grounds for objection. *See* Pa.R.E. 103(a)(1). "The judge hearing the case must be given an opportunity to correct the error at the time it is made and potentially avoid an unnecessary appeal." *Commonwealth v. Kurtz*, 294 A.3d 509, 527 (Pa. Super. 2023). Moreover, "where the trial court denies relief on one theory, a defendant may not attain appellate relief on a new theory for that same relief." *Id*. (internal citation omitted).

A review of the record reveals that Phillips failed to preserve his claim that the Commonwealth did not prove Phillips's authorship of the Facebook messenger evidence. At trial, Phillips objected to the admission of *screenshots of screenshots* of his Facebook messages. *See* N.T., 4/23/25,

at 160.[3]  Phillips asserted the messages were "not even from the original phone" and stated they could not be authenticated.  *Id*.  In response to Phillips's objection, the Commonwealth explained that it would call witnesses to testify that the screenshots were taken directly from the cell phone extraction and that the messages depicted in the screenshots were taken from and seen on the victim's phone.  *See id*. at 160-61.  The trial court, in overruling the objection, referenced the best evidence rule, to which Phillips responded, "I know, but it's almost impossible to authenticate."  *Id*. at 161.[4]  With this context in mind, Phillips appeared to object to whether the screenshots accurately reproduced, or were accurate "duplicates" of, the original messages, not their authorship.[5]  In his brief, Phillips argues that *all evidence* related to Facebook, not just the screenshots of screenshots, was

_____

[3] We note that Phillips cites only to this specific objection in his brief to show that the issue was preserved for appeal.

[4] The best evidence rule provides, in relevant part, that an original writing is required in order to prove its content unless subject to an exception.  *See* Pa.R.E. 1002, 1004; *see also* Pa.R.E. 1001.  Moreover, "[a] duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate."  Pa.R.E. 1003.

[5] We note that a screenshot can either be a "counterpart" or a "duplicate." *See, e.g.*, *Commonwealth v. Talley*, 265 A.3d 485, 534 (Pa. 2021). Because Phillips contested whether the screenshot fairly represents the original and does not treat the screenshot as an original itself, we consider it a duplicate for the purposes of understanding his claim.

- 7 -

not properly authenticated. Thus, Phillips has waived his claim as to all the Facebook evidence that was not objected to at trial.[6]

His limited remaining claim that the screenshots of the Facebook messages were not authenticated merits no relief.

Our standard of review for evidentiary rulings is as follows:

[D]ecisions on admissibility are within the sound discretion of the trial court and will not be overturned absent an abuse of discretion or misapplication of law. In addition, for a ruling on evidence to constitute reversible error, it must have been harmful or prejudicial to the complaining party.

An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused.

*Commonwealth v. Talley*, 236 A.3d 42, 55 (Pa. Super. 2020).

Pennsylvania Rule of Evidence 901 provides that "to satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Pa.R.E. 901(a). This Court has long recognized that "testimony from a witness who has knowledge that a matter

_____

[6] Additionally, Phillips fails to specifically identify which messages are at issue or what contents of the messages are at issue. *See* Pa.R.A.P. 2119(a); *see also Commonwealth v. Cannavo*, 199 A.3d 1282, 1289 (Pa. Super. 2018) (stating that this Court will "not develop an argument for an appellant, nor . . . scour the record to find evidence to support an argument; instead, we will deem [the] issue to be waived") (internal citations and quotation marks omitted).

is what it is claimed to be" is sufficient to satisfy the authentication requirement under Rule 901. *Commonwealth v. McKellick*, 24 A.3d 982, 988 (Pa. Super. 2011) (citations and internal quotation marks omitted); *see also* Pa.R.E. 901(b)(1).

Rule 901(b)(11) specifically addresses the authentication of digital evidence, and our Court has applied this rule to determine the authentication of Facebook screenshots. *See Commonwealth v. Watkins*, 315 A.3d 145, 149-50 (Pa. Super. 2024). Pursuant to Rule 901(b)(11), a proponent may connect digital evidence with a person or entity through:

> (A) direct evidence such as testimony of a person with personal knowledge; or
>
> (B) circumstantial evidence such as:
>
> (i) identifying content; or
>
> (ii) proof of ownership, possession, control, or access to a device or account at the relevant time when corroborated by circumstances indicating authorship.

Pa.R.E. 901(b)(11). "The comment to Rule 901 further clarifies that 'the proponent of digital evidence is not required to prove that no one else could be the author. Rather, the proponent must produce sufficient evidence to support a finding that a particular person or entity was the author.'" *Watkins*, 315 A.3d at 150 (citing Pa.R.E. 901, cmt.).

Phillips ignores the substantial testimony establishing that the messages came from the victim's phone, that the content of the messages linked their authorship to Phillips, and that the screenshots were accurate copies of the

original messages. Detective Wiley, who personally observed the Facebook messages, testified that Exhibits 36 through 51 were true and correct copies of the screenshots he observed and photographed and fairly represented his observations of Phillips's communications with the victim. **See** N.T., 4/23/25, at 162. The Commonwealth offered circumstantial evidence that Phillips authored the texts based on his use of Facebook messenger lining up with the series of events. **See Commonwealth v. Orr**, 255 A.3d 589, 601 (Pa. Super. 2021) (explaining that the content of messages can show that the appellant wrote them). Sergeant Chmura testified that Phillips said he and the victim had been communicating with each other over Facebook. **See** N.T., 4/22/25, at 128; **Watkins**, 315 A.3d at 150 (considering police officer testimony that the appellant admitted to creating sales postings from his Facebook account, and where the appellant did not contest the officer's credibility, in determining that the Commonwealth presented evidence of the appellant's authorship of the sales depicted in the screenshots at issue). Officer Daniel McEvoy ("Officer McEvoy") presented expert testimony to authenticate the messages themselves, including the recipients, times, and dates. **See** N.T, 4/24/25, at 61. Phillips does not contest the credibility of any of the officers' testimonies. We cannot, on these facts, find that the trial court abused its discretion by

admitting the screenshots. Therefore, Phillips's claim that the screenshots of the Facebook messages were not authenticated is meritless.[7]

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 7/22/2026

---

[7] Moreover, Phillips presented an underdeveloped claim of harm or prejudice. He baldly asserts that, without the Facebook evidence, the Commonwealth would be left with insufficient evidence to prove conspiracy. Without citations to the record or to case law, he asserts that without the Facebook evidence, there was insufficient evidence to prove conspiracy. **See** Phillips's Brief at 53. We will not develop Phillips's argument for him to determine whether the theoretical remaining evidence was sufficient to sustain his conviction. **See** **Cannavo**, 199 A.3d at 1289.